1

2

3                  **UNITED STATES DISTRICT COURT**

4              **NORTHERN DISTRICT OF CALIFORNIA**

5                       **SAN JOSE DIVISION**

6

7   FACULTY MEMBERS AT MIDDLE                Case No.  15-cv-03974-BLF
    EASTERN SCHOOLS, et al.,
8                                            **ORDER (1) GRANTING AFGE'S**
                 Plaintiffs,                 **MOTION TO DISMISS WITHOUT**
9                                            **LEAVE TO AMEND AND (2)**
         v.                                  **GRANTING RICHARD DONOVAN'S**
10                                           **MOTION TO DISMISS WITH LEAVE**
    RICHARD DONOVAN, et al.,                 **TO AMEND**
11
                 Defendants.                 [Re:  ECF 14, 26]
12

13

14

15          Plaintiffs, thirty-four faculty members at the Defense Language Institute Foreign Language

16   Center, bring this action involving allegations of discriminatory practices and favoritism with

17   respect to promotions.   FAC 3:21-25, ECF 13.  Before the Court are Defendant American

18   Federation of Government Employees, AFL-CIO, Local 1263's ("AFGE") and Defendant Richard

19   P. Donovan's motions to dismiss.  For the reasons stated herein, the Court GRANTS AFGE's

20   motion to dismiss without leave to amend and GRANTS Mr. Donovan's motion to dismiss with

21   partial leave to amend.[1]

22   **I.      BACKGROUND**

23          The following allegations are taken from Plaintiffs' First Amended Complaint.  In April

24   2013, Defendant Richard Donovan, head of the Faculty Personnel System at the Defense

25   Language Institute, held a meeting with faculty members to discuss promotions to the position of

26   Associate Professor for 2013-2014.  FAC 4:9-12, ECF 13.  According to Mr. Donovan, a faculty

27   _____

28   [1] Pursuant to Civ. L.R. 7-1(b), the Court found Defendants' motions to dismiss suitable for
     submission without oral argument and vacated the hearing scheduled for March 31, 2016.  ECF
     33.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    member needed to have two areas of specialization to be promoted to the position of Associate

2    Professor. FAC 4:20-21. At the April 2013 meeting, attendees allegedly asked Mr. Donovan

3    whether serving as a Team Leader qualified as one area of specialization to which Mr. Donovan

4    answered it did not. FAC 4:10-14. In a meeting held in 2011 about similar issues, Mr. Donovan

5    also responded to a similar question with the same answer. FAC 4:17-19. In March 2014,

6    promotions were announced and to the dissatisfaction of Plaintiffs, serving as Team Leader

7    counted as an area of specialization. FAC 4:22-25. Moreover, Plaintiffs allege that less

8    experienced teachers were promoted over more qualified teachers. FAC 4:25-28.

9         As a result Plaintiffs filed complaints with the "EEO, OSP, [their] Union, and direct

10    grievances to FPS." FAC 5:5. In April 2014, six of the Plaintiffs sought the help of AFGE. FAC

11    7:15-16. They met with Mr. Philip White, where they gave him a copy of their EEO petition and

12    requested to speak with AFGE's attorney regarding the possibility of arbitration if they could not

13    resolve their dispute with Mr. Donovan. FAC 7:17-20. According to Plaintiffs, Mr. White

14    refused to help them and told them to use Google to find an attorney. FAC 7:20-24.

15         Meanwhile, in response to Plaintiffs' complaints, Mr. Donovan met with dissatisfied

16    faculty members in May 2014 and July 2014. FAC 5:6-16. At the second meeting, AFGE

17    President Reuf Borovac and Provost Dr. Betty Leaver were also present. *Id*. According to

18    Plaintiffs, at these meetings, Mr. Donovan denied telling them that serving as a Team Leader

19    would not count as one area of specialization. *Id*. Dr. Leaver also claimed she researched this

20    issue and did not hear Mr. Donovan tell faculty members that serving as a Team Leader would not

21    qualify as an area of specialization. FAC 5:23-26. After the May 2014 meeting, Plaintiffs wrote a

22    petition, that was signed by 11 of them, to Assistant Commander Colonel Ginger L. Wallace over

23    Mr. Donovan's alleged misrepresentation of facts at the May 2014 meeting. FAC 5:20-23.

24         In late May 2014, Plaintiffs met and communicated with Mr. Borovac several times. FAC

25    7:25-8:3. Plaintiffs agreed with Mr. Borovac that they would not seek to arbitrate their grievances

26    until the appeal process was finished. FAC 8:4-5. In August 2014, Plaintiffs also met with

27    AFGE's regional attorney who promised to look into the case but never did. FAC 8:5-10.

28         In November 2014, Plaintiffs' appeal process finished and disappointed by the results of

the appeal, Plaintiffs wanted to pursue arbitration led by AFGE. FAC 6:14-15; FAC 8:11-15. Mr. Borovac sought advice from Dr. Toth Ben, AFGE's national representative, who on January 20, 2015 suggested Plaintiffs attempt more negotiations with management. FAC 8:15-16. Plaintiffs informed Dr. Ben that management was no longer interested in negotiation and on January 26, 2015, Dr. Ben gave Mr. Borovac instructions on how to file a complaint with the Federal Labor Relations Authority ("FLRA"). FAC 8:17-18. Mr. Borovac delegated filing of the complaint to his Chief Steward, Mr. Mark Chitwood. FAC 8:18-21. According to Plaintiffs, Mr. Chitwood did not have the experience, knowledge, or training to file a FLRA complaint. *Id.*

On February 6, 2015, Mr. Borovac received a completed complaint that was ready for filing with the FLRA. FAC 8:22-23. Plaintiffs allege that they had an agreement with Mr. Borovac that he would have Mr. Chitwood file the complaint that same day in order to meet the statute of limitations. FAC 8:24-27. However, Plaintiffs claim that Mr. Chitwood apparently changed his mind and the complaint was never filed. FAC 9:1-7. Plaintiffs did not learn of Mr. Chitwood's inaction until more than a month later in March 2015. *Id.* On March 22, 2015, Plaintiffs filed a complaint with the FLRA but it was dismissed for being outside the statute of limitations. FAC 6:15-17. Plaintiffs appealed the FLRA decision and on July 31, 2015, Plaintiffs' appeal was denied. FAC 6:17-23. Plaintiffs have now filed the pending action alleging that their union failed to fulfill its duty and seeking a fair review of the facts. FAC 6:24-25; FAC 9:27-28.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Federal courts are courts of limited jurisdiction, and are "presumed to lack subject matter jurisdiction until the contrary affirmatively appears." *Dragovich v. U.S. Dep't of Treasury*, 764 F. Supp. 2d 1178, 1184 (N.D. Cal. 2011). As courts of limited jurisdiction, a federal district court is obligated to dismiss a case when it lacks subject matter jurisdiction over the claims alleged. Fed. R. Civ. P. 12(b)(1). On a motion to dismiss pursuant to Rule 12(b)(1), the burden is on the plaintiff to establish subject-matter jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A jurisdictional challenge may be either facial or factual. See *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge asserts that the factual

allegations in a complaint, even if assumed true, "are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). By contrast, "a factual attack…disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* The Court need not presume the truthfulness of the plaintiff's allegations. *See, e.g., White*, 227 F.3d at 1242. Once the factual basis for jurisdiction is challenged, the plaintiff bears the burden of coming forward with "competent proof" to support his allegations of jurisdiction. *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).

### B.   Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) concerns what facts a plaintiff must plead on the face of the complaint. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Any complaint that does not meet this requirement can be dismissed pursuant to Rule 12(b)(6). A "short and plain statement" demands that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

### C.   Leave to Amend

Under Rule 15(a), a court should grant leave to amend "when justice so requires," because "the purpose of Rule 15…[is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). A court may deny leave to amend for several reasons, including "undue delay, bad faith,…[and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## III.   DISCUSSION

### A.   AFGE's Motion to Dismiss

AFGE argues the Court lacks subject matter jurisdiction over Plaintiffs' First Amended

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Complaint.  Mot. 2-5, ECF 15.  AFGE contends that the gravamen of Plaintiffs' First Amended

2   Complaint is that it failed in its duty of fair representation and committed an unfair labor practice.

3   *Id.* at 2.  According to AFGE, such claims may only be brought before the Federal Labor

4   Relations Authority ("FLRA"), with judicial review reserved for the Court of Appeals.  *Id.* (citing

5   Federal Service Labor Management Relations Statute, 5 U.S.C. § 7101, *et seq.* ("FSLMRS")).

6         Before describing Plaintiffs' allegations, the Court notes only three Plaintiffs, Ahmed Nuri,

7   Abdul Khogali, and Omar Mohamed Ali, signed the opposition brief.  Opp. at 6, ECF 23.  As this

8   Court has repeatedly indicated to Plaintiffs, the Federal Rules of Civil Procedure require each

9   Plaintiff to sign each document filed.  ECF 11 (citing Fed. R. Civ. P. 11); ECF 24. The Court

10  cannot ascribe the arguments signed only by Messrs. Nuri, Khogali, and Ali to the remaining

11  Plaintiffs.  Moreover, as non-attorneys Messrs. Nuri, Khogali, and Ali may not submit arguments

12  on behalf of the other Plaintiffs.  Thus, "Plaintiffs" in this section refers only to Messrs. Nuri,

13  Khogali, and Ali.  The remaining Plaintiffs[2] did not submit an opposition to AFGE's motion to

14  dismiss.

15        Plaintiffs oppose AFGE's motion and argue that the Court has subject matter jurisdiction

16  for two reasons.  First, Plaintiffs argue that their unfair labor practice claim includes allegations of

17  a breach of an oral agreement.  Opp. at 3-4, ECF 23.  Plaintiffs claim a breach of an oral

18  agreement or breach of contract is not governed by the FSLMRS.  *Id.*  Second, Plaintiffs, relying

19  on *Karahalios v. Defense Language Institute*, 613 F. Supp. 440 (N.D. Cal. 1984), *rev'd* 821 F.2d

20  1389 (9th Cir. 1987), *aff'd* 489 U.S. 527 (1989), *Vaca v. Sipes*, 386 U.S. 171 (1967), and *Foust v.*

21  *Int'l Bhd. of Elec. Workers*, 572 F.2d 710 (10th Cir. 1978), *rev'd in part on other grounds*, 442

22  U.S. 42 (1979), argue that district courts have jurisdiction to hear unfair labor practice claims.  *Id.*

23  at 4-6.

24        The Court agrees with AFGE and finds that it does not have jurisdiction to hear Plaintiffs'

25  _____

26  [2] Haythym Malak, AbdulSattar Allami, Fatima Fileefl, Ayman Hussein, Ali Abueisa, Amad
    Abraham, Hatim Mujawah, Abdulhafiz Abaker, Salah Mohamed, Nemat Hassan, Osama Helmy,

27  Ruwyda Jajo, Osman Osman, Alfatih Ahmed, Elrayah Khlifa, Tajeldin Badawi, Malika Zakour,
    Ibrahim Musa, Tariq Ballal, Ahmad Osman, Wadad Paulis, Salaheldin Gasmels, Atheer Hanna,

28  Bozo Dzakula, Susan Melehani, Yaser Rezk, Joseph Issac, Abdelmonim Mohamad, Elbashir
    Karrar, Abdelrahim Mohamad, and Medhat Fam

5

United States District Court
Northern District of California

claims.  Allegations that a union mishandled a federal employee's claims constitute a cause of action for breach of the union's duty of fair representation.  *Steadman v. Governor, United States Soldiers' & Airmen's Home*, 918 F.2d 963, 966 (D.C. Cir. 1990).  The FSLMRS governs such actions.  *Karahalios v. National Fed'n of Fed. Emps., Local 1263*, 489 U.S. 521, 531 (1989).  According to the FSLMRS, an action over a breach of the union's duty of fair representation is an unfair labor practice that is "adjudicated by the FLRA." 5 U.S.C. § 7118.  The FSLMRS provides recourse to the courts in only three circumstances: (1) except for limited circumstances, "any person aggrieved by any final order of the [FLRA]…may…institute an action for judicial review of the [FLRA's] order in the *United States court of appeals* in the circuit in which the person resides or transacts business or in the United States Court of Appeals for the District of Columbia" ; (2) the FLRA may petition the court of appeals for enforcement of any order; and (3) the FLRA may petition any district court for temporary relief.  5 U.S.C. § 7123 (emphasis added).  As a result, the exclusive jurisdiction of Plaintiffs' claims is with the FLRA and to the extent Plaintiffs meet the statute's requirements, with the appropriate United States Court of Appeals.  *See Karahalios*, 489 U.S. at 531.

As to Plaintiffs' argument that their allegations include a breach of an oral contract, Plaintiffs may not avoid the jurisdictional requirements imposed by the FSLMRS by attempting to restyle their action, which is based on AFGE's alleged breach of its duty of fair representation, as one for a breach of contract.  *See, e.g.*, *Dunn v. Fed'n of Indian Serv. Emps.*, Case No. 08-cv-378-RAW, 2008 WL 5061463, at *1 (E.D. Ok. Nov. 21, 2008).  Allowing Plaintiffs to do that would render the FSLMRS meaningless.  *Id*.

As to Plaintiffs' reliance on the district court's decision in *Karahalios*¸ Plaintiffs correctly note that the district court found jurisdiction existed over a federal employee's claim against his union.  613 F. Supp. at 450.  However, the district court's decision regarding jurisdiction was reversed by the Ninth Circuit, 821 F.2d 1389 (9th Cir. 1987), and the Ninth Circuit's decision was affirmed by the Supreme Court, 489 U.S. 527 (1989).  In affirming the Ninth Circuit's decision, the Supreme Court held the FLRA has exclusive jurisdiction over an action against a union by a federal employee involving a breach of the duty of fair representation.  *Id*. at 532 ("There is no

express suggestion…that Congress intended to furnish a parallel remedy in a federal district court to enforce the duty of fair representation..").  This Court is bound by the Supreme Court's holding.

As to Plaintiffs' citation to *Vaca* and *Foust*, in *Vaca*, the Supreme Court held that a private cause of action exists outside the FLRA against a union under certain circumstances. 386 U.S. 171.  However, the statute in *Vaca* was the National Labor Relations Act (NLRA), not the FSLMRS. 386 U.S. at 181.  In *Karahalios*, the Supreme Court discussed its prior ruling in *Vaca* and explained the different outcomes dictated by the NLRA and FSLMRS:

> In the first place, [FSLMRS] is not a carbon copy of the NLRA, nor is the authority of the FLRA the same as that of the NLRB. The NLRA, like the [Railway Labor Act], did not expressly make a breach of the duty of fair representation an unfair labor practice and did not expressly provide for the enforcement of such a duty by the NLRB. That duty was implied by the Court because members of bargaining units were forced to accept unions as their exclusive bargaining agents. Because employees had no administrative remedy for a breach of the duty, we recognized a judicial cause of action on behalf of the employee.  Very dissimilarly, [FSLMRS] not only expressly recognizes the fair representation duty but also provides for its administrative enforcement.

*Karahalios*, 489 U.S. at 534 (internal citations omitted).  This also explains why *Foust* is inapposite to the facts of this action.  In *Foust*, the statute at issue was the Railway Labor Act, which as the preceding quotation from the Supreme Court indicates is different in form from the FSLMRS.  *Foust*, 572 F.2d at 714.[3]

Accordingly, the Court finds that it lacks subject matter jurisdiction to hear Plaintiffs' complaint against AFGE and GRANTS AFGE's motion to dismiss without leave to amend as to Plaintiffs Messrs. Nuri, Khogali, and Ali.[4]

As for the Plaintiffs that did not sign the opposition brief, the Court has received no

---

[3] Plaintiffs also cite to *United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56 (1981) without explanation.  However, that case is inapposite because it did not involve the FSLMRS.
[4] Plaintiffs also argue, based on *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003), that "[i]f a jurisdictional challenge…implicate[s] the merits of the underlying claim…[t]he proper course of action for the district court…is to find jurisdiction exists…"  Opp. at 6, ECF 23. Plaintiffs misunderstand *Morrison*.  The *Morrison* did not hold that a court should allow a case involving a jurisdictional challenge to proceed, nor could it, as the federal courts are of limited jurisdiction.  Rather, the *Morrison* court held that when a jurisdictional challenge involves the merits of Plaintiffs' allegations, the Court should assess the jurisdictional challenge under the standard set forth by Fed. R. Civ. P. 56.  *Morrison*, 323 F.3d at 930.

United States District Court
Northern District of California

1   indication that these individuals oppose AFGE's motion.  Moreover, based on the above analysis,

2   the Court also has no indication that these individuals could cure the jurisdictional defect and

3   oppose AFGE's motion on legally meritorious grounds.  As a result, the Court GRANTS as

4   unopposed and without leave to amend AFGE's motion to dismiss with respect to the Plaintiffs

5   that did not sign the opposition brief.

6   ### B.    Mr. Donovan's Motion to Dismiss

7          Mr. Donovan moves to dismiss Plaintiffs' First Amended Complaint for lack of

8   jurisdiction.  Since there are several claims involving Mr. Donovan, the Court discusses each in

9   turn, starting with Plaintiffs' Title VII claims and then moving to Plaintiffs' non-Title VII claims.

10  As with AFGE's motion to dismiss, not all the Plaintiffs signed the opposition brief to Mr.

11  Donovan's motion to dismiss.  Opp. at 28, ECF 28.  Here, only five Plaintiffs, Messrs. Ibrahim

12  Musa, Yaser Rezu, Ahmed Nuri, Khogali Abdul, and Elbashir Karrar, signed the opposition.  As a

13  result, "Plaintiffs" in this section only refers to Messrs. Musa, Rezu, Nuri, Abdul, and Karrar and

14  the remaining Plaintiffs[5] did not file an opposition to Mr. Donovan's motion.

15  ### i.    Title VII Claims

16         Title VII, 42 U.S.C. § 2000e–16, bars employment discrimination based on race, color,

17  religion, sex, and national origin.  Section 2000e-16(c) provides that when a Title VII action is

18  filed, "the head of the department, agency, or unit, as appropriate, shall be the defendant."  "In

19  order to bring a Title VII claim in district court, a plaintiff must first exhaust [his or her]

20  administrative remedies." *Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001).  In this

21  circuit, establishing a prima facie case for violations of Title VII requires that the Plaintiffs plead

22  sufficient facts to show four elements: (1) that they belonged to a protected class; (2) that they

23  were qualified for the job(s) they sought; (3) that they were subjected to an adverse decision; and

24  (4) that similarly situated employees not in their protected class received more favorable

25  _____

26  [5] Haythym Malak, AbdulSattar Allami, Fatima Fileefl, Ayman Hussein, Ali Abueisa, Amad
    Abraham, Omar Mohammed Ali, Hatim Mujawah, Abdulhafiz Abaker, Salah Mohamed, Nemat

27  Hassan, Osama Helmy, Ruwyda Jajo, Osman Osman, Alfatih Ahmed, Elrayah Khlifa, Tajeldin
    Badawi, Malika Zakour, Tariq Ballal, Ahmad Osman, Wadad Paulis, Salaheldin Gasmels, Atheer

28  Hanna, Bozo Dzakula, Susan Melehani, Joseph Issac, Abdelmonim Mohamad, Abdelrahim
    Mohamad, and Medhat Fam.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  treatment. *See Antione v. N. Cent. Counties Consortium*, 605 F.3d 740, 753–54 (9th Cir. 2010);
2  *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

3       Mr. Donovan argues that he is not the proper defendant under Title VII, Plaintiffs did not
4  exhaust their administrative remedies, and Plaintiffs have not sufficiently alleged facts to meet the
5  elements of a Title VII claim. Mot. at 4-7, ECF 26. Plaintiffs argue that Mr. Donovan is the
6  proper defendant under the pertinent EEO regulations and they exhausted their administrative
7  remedies. Opp. at 6-9, ECF 28. Plaintiffs do not directly address the argument that they did not
8  adequately allege facts to state a Title VII claim.

9       1.   The Proper Defendant Under Title VII

10       The Court agrees with Mr. Donovan that he is not the proper defendant for Plaintiffs' Title
11  VII claim. Under 2000e-16(c), "the head of the department, agency, or unit, as appropriate, shall
12  be the defendant," which in this case is Patrick Murphy, Acting Secretary of the United States
13  Army. *See Ardalan v. McHugh*, Case No. 13-cv-01138-LHK, 2013 WL 6212710, at *20 (N.D.
14  Cal. Nov. 27, 2013) ("As DLI is a U.S. Army language school, the proper defendant in
15  [Plaintiff's] Title VII claim is [the] Secretary of the Army."). As a result, the Court lacks subject
16  matter jurisdiction to hear Plaintiffs' Title VII claim against Mr. Donovan, and these claims must
17  be dismissed.

18       2.   Administrative Exhaustion

19       Assuming Plaintiffs sued the proper defendant, "[f]ederal employees who believe they
20  have been discriminated against on the basis of age have 'the option of pursuing administrative
21  remedies, either through the agency's EEO procedures, or through the Merit Systems Protection
22  Board.'" *Shelley v. Geren*, 666 F.3d 599, 605 (9th Cir.2012) (quoting *Bankston v. White*, 345 F.3d
23  768, 770 (9th Cir.2003)). "Equal Employment Opportunity Commission (EEOC) regulations
24  provide that an aggrieved federal employee who pursues the EEO avenue must consult an EEO
25  counselor within forty-five days of the effective date of the contested personnel action, prior to
26  filing a complaint alleging age discrimination." *Shelley*, 666 F.3d at 605 (citing 29 C.F.R. §§
27  1614.103, 1614.105(a)(1)). "Although failure to file an EEOC complaint is not a complete bar to
28  district court jurisdiction, substantial compliance with the exhaustion requirement is a

1    jurisdictional prerequisite." *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir.2003).

2              Before the Court addresses Mr. Donovan's argument that Plaintiffs failed to exhaust their

3    administrative remedies, the Court must discuss the admissibility of extra-pleading materials that

4    have been submitted to the Court in support and opposition to the motion.  Mr. Donovan has

5    submitted a declaration and supplemental declaration from Trancey B. Williams, Acting Equal

6    Employment Opportunity Director.  ECF 27, 30.  Plaintiffs have submitted (1) the "ME II

7    complaint," (2)  an e-mail exchange between Ahmed Nuri and Betty Leaver, (3) an e-mail

8    exchange between Ibrahim Musa and Tammy Lowery, (4) an e-mail exchange between Yaser

9    Rezk and Billy Johnson, (5) an e-mail from Betty Leaver, and (6) a letter from Ahmed Nuri to

10   EEO Officers at the Defense Language Institute.  ECF 28 at 11-19.  In deciding a motion brought

11   under Fed. R. Civ. P. 12(b)(1), a court may consider evidence outside the pleadings, including

12   affidavits submitted by the parties.  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.1988)

13   ("[W]hen considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not

14   restricted to the face of the pleadings, but may review any evidence, such as affidavits and

15   testimony, to resolve factual disputes concerning the existence of jurisdiction.").  Neither party has

16   objected to the consideration of any of the materials submitted.  Accordingly, the Court will

17   consider all of the submitted extra-pleading material in deciding this issue.

18              That said, the Court cannot on the current record determine if Plaintiffs have exhausted

19   their administrative remedies.  Based on a declaration from Trancey Williams, Mr. Donovan

20   argues that Plaintiffs did not timely and full exhaust their administrative remedies because they

21   did not seek EEO counseling within 45 days of the alleged adverse employment action.  Williams

22   Decl. at 1-2, ECF 27.

23              Plaintiffs respond that they contacted the EEO on March 19, 2014 and submitted a three

24   page complaint, signed by 22 faculty members ("ME II complaint") three days later.  Opp. at 7,

25   ECF 28; Opp. at 11-14 (copy of ME II complaint).  Plaintiffs also argue that two additional groups

26   submitted complaints to the EEO, but Plaintiffs did not submit an affidavit or copies of these

27   complaints to the Court.  *Id.* at 7.  According to Plaintiffs, after reviewing their complaint, Dr.

28   Donahue, the head of the EEO office retired and their documents disappeared.  *Id.* at 8-9.

United States District Court
Northern District of California

10

United States District Court
Northern District of California

1    Plaintiffs argue that the EEO office subsequently closed and did not re-open until January 2015,

2    with new staff led by Mr. Williams.  *Id*.  Plaintiffs also submitted a copy of an email from Dr.

3    Leaver and Mr. Billy Johnson acknowledging an "EEO complaint."  *Id*. at 14.  Finally, Plaintiffs

4    submitted a January 26, 2015 letter from Mr. Nuri following up on his March 2014 complaint.  *Id*.

5    at 19.

6            In reply, Mr. Donovan argues these documents fell outside the EEO process and submits a

7    supplemental declaration from Mr. Williams which states (1) Plaintiffs' extra-pleading materials

8    did not pertain to the EEO complaint process and were not kept by the EEO, (2) he believes after

9    reviewing Plaintiffs' March 2014 complaint that "Dr. Donahue was trying to assist the individuals

10   informally outside the EEO channels," and (3) the March 2014 complaint did not contain

11   sufficient information to pursue an investigation.  Williams Supp. Decl. at 1-3, ECF 30.  Finally,

12   Mr. Donovan argues that even if Plaintiffs' complaint was construed as an informal complaint,

13   Plaintiffs did not diligently pursue their administrative complaint to exhaustion because Mr. Nuri

14   waited 10 months, until January 2015, to inquire about the status of that complaint.

15          In *Sommatino*, the Ninth Circuit faced the issue of whether plaintiff substantially complied

16   with the administrative exhaustion requirement.  255 F.3d at 705.  There, plaintiff spoke with her

17   EEO counselor about the hostile work environment she was facing at work.  *Id*. at 706.  Plaintiff

18   claimed her EEO counselor discouraged her from filing an EEO complaint while the EEO

19   counselor submitted a declaration stating that she never discouraged plaintiff from filing a

20   complaint.  *Id*.  Approximately two weeks later, plaintiff sent an e-mail to her supervisor stating

21   that while she had not formally filed any complaint, she may file one the next day if necessary.  *Id*.

22   On these facts, the Ninth Circuit affirmed the district court's judgment that it lacked subject matter

23   jurisdiction over plaintiff's Title VII claims.  *Id*. at 711.  According to the Ninth Circuit, plaintiff's

24   verbal complaints to her EEO counsel and e-mails show that she never formally filed any

25   complaint.  *Id*. at 709-710.

26          Based on the evidence submitted so far, the Court finds the circumstances in this case are

27   potentially distinguishable from the facts in *Sommatino*.  For example, in *Offield v. Holder*, Case

28   No. 12-cv-03053-JST, 2014 WL 1892433,a t *6 (N.D. Cal. May 12, 2014), the Court considered

1    whether plaintiff demonstrated substantial compliance with the administrative exhaustion

2    requirement.  When the plaintiff contacted his EEO counselor, he was advised that there was not

3    enough evidence to file an EEO complaint and he should return to work.  *Id*. at *7.  The plaintiff's

4    EEO counselor took no further action on his behalf.  *Id*. at *8.  The Court found that plaintiff

5    substantially complied with the exhaustion requirement.  *Id*. at *9.  In doing so, the Court

6    distinguished *Sommatino* on two grounds.  First, the text of plaintiff's e-mails in *Sommatino*

7    indicated that she did not believe she formally filed any complaint and second, the EEO counselor

8    testified she never discouraged Sommatino from filing a complaint.  *Id*. at *9-10.

9            Here, the March 2014 letter and subsequent conduct might be sufficient to show

10   substantial compliance with the administrative exhaustion requirement.  The subject of the letter is

11   "[v]iolation…of Title VII that prohibits discriminatory practices" and other people at the Defense

12   Language Institute referred to this document as an "EEO complaint."  Opp. at 11-14, ECF 28.

13   However, on the record before it, the Court cannot find the Plaintiffs substantially complied with

14   the exhaustion requirement.  The March 2014 letter was signed by 22 faculty members, and only

15   two – Mr. Nuri and Mr. Abdul – signed the letter and the opposition to Mr. Donovan's motion to

16   dismiss.  Thus, the Court has no information about whether Messrs. Musa, Rezu, and Karrar

17   attempted to pursue administrative remedies.  Despite being individuals, Plaintiffs have blurred

18   the lines between them and fail to distinguish how *each* Plaintiff satisfied the exhaustion

19   requirement.

20           As for Mr. Donovan's argument that Plaintiffs failed to diligently pursue their complaint,

21   Plaintiffs argued that they had communications on March 22, 2014, March 25, 2015, March 31,

22   2014, April 24, 2014, May 7, 2014, and July 24, 2014 about their complaint.  Opp. 6-9, ECF 28.

23   Plaintiffs also claim argue that the EEO requested that they wait for the results of their review

24   before doing anything further.  *Id*.  However, Dr. Donahue then retired and the EEO closed until

25   January 2015, when Plaintiffs wrote the EEO a letter.  *Id*.  Contrary to Mr. Donovan's argument,

26   at least some Plaintiffs appeared to diligently pursue their complaint and Mr. Donovan's argument

27   fails to address any of the intervening events between the filing of the complaint and the January

28   2015 letter.  But Plaintiffs' arguments, such as the closure of the EEO office, are simply argument

United States District Court
Northern District of California

and do not appear in any affidavits and are not alleged in the First Amended Complaint. Moreover, it is not clear which individual Plaintiffs took which actions. Since Plaintiffs have not sufficiently provided evidence to show how each Plaintiff has administratively exhausted his or her Title VII claims, these claims must be dismissed for this reason as well.

### 3.   Title VII Allegations

Assuming Plaintiffs can name a proper defendant and can show they exhausted their administrative remedies, the Court finds Plaintiffs have not adequately alleged a Title VII claim. As a threshold issue, Plaintiffs do not even allege each Plaintiff applied for a promotion to Associate Professor.  To plead a Title VII claim, Plaintiffs must allege they belong to a protected class, they were qualified for the jobs they sought, they were subjected to an adverse decision, and that similarly situation employees not in their protected class received more favorable treatment. *See Antione*, 605 F.3d 740.  Plaintiffs have not stated a Title VII claim because they have not alleged that they belong to a protected class.  *See generally* FAC.  Moreover, Plaintiffs have not alleged that *they* were qualified for the promotions they sought; instead Plaintiffs only allege that "a number of teachers who are more qualified in terms of the number of areas they served in and the number of years they served and their clear record of contributions to the institution were not promoted."  FAC at 4, ECF 13.  Plaintiffs also do not actually state they, as opposed to other faculty members, were subject to an adverse employment decision.  *See generally* FAC.  Finally, Plaintiffs do not allege that other similarly situated employees, not in their protected class, received more favorable treatment.  *Id*.  Accordingly, Plaintiffs' Title VII claim is not adequately alleged and this serves as another reason why Plaintiffs' claim must be dismissed.

### ii.   Non-Title VII Claims

Mr. Donovan argues that Plaintiffs' non-Title VII claims should be dismissed because (1) Title VII provides the exclusive judicial remedy for discrimination claims by federal employees, (2) Plaintiffs' claims under the Civil Service Reform Act are governed by the FSLMRS which only provides for judicial review by the Court of Appeals, (3) Plaintiffs' may only seek judicial review of their claims under 5 U.S.C. §§ 2301(b)(1), 2302(b)(6) and (12) in the Federal Circuit Court of Appeals, and (4) there is no private right of action for claims under Title 18.  Donovan

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Mot. at 7-11.  Plaintiffs respond that their claims are proper under Title 18 and 5 U.S.C. §

2   2302(b)(12).  Opp. at 3-6.

3          The Ninth Circuit has held that a federal employee's allegations of discrimination are

4   treated as a Title VII claim.  *Nolan v. Cleland*, 686 F.2d 806, 814 (9th Cir. 1982).  It has also

5   recognized two exceptions to this rule: (1) the employee has suffered "highly personal" wrongs,

6   such as defamation, harassing phone calls, and physical abuse, *Brock v. United States*, 64 F.3d

7   1421, 1423 (9th Cir. 1995); and (2) a constitutional claim may be based on the same set of facts

8   that support a Title VII claim as long as the alleged unconstitutional action is not employment

9   discrimination, *Arnold v. United States*, 816 F.2d 1306, 1311 (9th Cir. 2015).  None of the

10  allegations in Plaintiffs' First Amended Complaint appear to satisfy either exception but the Court

11  does not need to dwell on this issue as all of Plaintiffs' non-Title VII claims fail for other reasons.

12         The Court finds that to the extent Plaintiffs are alleging a prohibited personnel practice

13  under the Civil Service Reform Act, these claims are governed by the FSLMRS.  *See* 5 U.S.C. §§

14  7101 *et seq.* (Chapter 71 of the Civil Service Reform Act, also known as the FSLMRS, governs

15  federal labor-management relations).  As explained in the discussion of AFGE's motion to

16  dismiss, the FSLMRS provides the FLRA with enforcement authority and federal circuits have

17  exclusive jurisdiction to review final orders of the FLRA.  *See supra* section III.A.  Thus, this

18  Court lacks jurisdiction over Plaintiffs' Civil Service Reform Act claims.

19         The Court also does not have jurisdiction over Plaintiffs' claims under 5 U.S.C. §§

20  2301(b)(1), 2302(b)(6) and (12).  These statutes forbid agencies from engaging in "prohibited

21  personnel practices."  5 U.S.C. § 2302.   The CSRA is the exclusive remedy for all prohibited

22  personnel actions.  *Veit v. Heckler*, 746 F.2d 508, 510 (9th Cir. 1984).  According to the CSRA, an

23  employee wishing to challenge a prohibited personnel practice must file a complaint with the

24  Office of Special Counsel.  5 U.S.C. §§ 1214(a)(1) and (3).  The Office of Special Counsel may

25  seek remedial action view the Merit Systems Protection Board.  5 U.S.C. § 1214 (b)(2).  An

26  employee may only seek judicial review of an adverse decision of the Merit Systems Protection

27  Board in the Federal Circuit Court of Appeals.  5 U.S.C. § 1214(c)(1).  Thus, this Court lacks

28  jurisdiction over Plaintiffs' claims.

14

United States District Court
Northern District of California

1     Plaintiffs do not directly contest this but rather cite to cases from the Merit Systems

2  Protection Board.  Opp. at 5-6 (citing *Wells v. Harris*, 1 M.S.P.R. 208 (1979) and *Special Counsel*

3  *v. Byrd*, 59 M.S.P.R. 561, 579 (1993)).  These citations to MSPB decisions only confirm this

4  Court's lack of jurisdiction over Plaintiffs' claims.  Plaintiffs also cite to *Ferry v. Hayden*, 954

5  F.2d 658, 662 (11th Cir. 1992), which also undermines their position.  In that case, the Eleventh

6  Circuit held that an employee was barred from seeking judicial review under the CSRA because

7  he failed to properly exhaust his administrative remedies by not filing his complaint with the

8  Official of Special Counsel. Accordingly, Court lacks jurisdiction to hear Plaintiffs' claims under

9  5 U.S.C. §§ 2301(b)(1), 2302(b)(6) and (12).

10     Plaintiffs also may not pursue claims under 18 U.S.C. § 1001(c) because Title 18 does not

11  provide a private right of action.  *See, e.g., Murphy v. Bank of New York Mellon*, 2014 WL

12  4222188 (N.D. Cal. Aug. 25, 2014) ("Section 1001 is a criminal statute pertaining to the

13  falsification of documents and the making of false statements in matters within the jurisdiction of

14  the federal government. The statute contains no private right of action.") (internal citations

15  omitted).  Accordingly, Plaintiffs may not pursue claims under 18 U.S.C. § 1001(c).

16     To the extent Plaintiffs are pursuing breach of contract claims against Mr. Donovan, this

17  Court lack subject matter jurisdiction over those claims.  The Tucker Act provides that the Court

18  of Federal Claims has exclusive jurisdiction over breach of contract claims against the

19  government.  *McGuire v. United States*, 550 F.3d 903, 910-11 (9th Cir. 2008).

20     Finally, the Court addresses Mr. Donovan's argument that the AFGE's arguments are

21  dispositive.  Relying on *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983), Mr.

22  Donovan contends that Plaintiffs must prove both their claims against AFGE and Mr. Donovan in

23  order to prevail against either defendant.  Mot. 11, ECF 26.  Since Plaintiffs cannot prevail against

24  AFGE, Mr. Donovan argues their claims should be dismissed against him.

25     Mr. Donovan's argument overlooks the fact that Supreme Court in *DelCostello* went on to

26  state that an "employee may, if he chooses, sue one defendant and not the other; but the case he

27  must prove is the same whether he sues one, the other, or both."  Here, the Court has not reached

28  the merits of Plaintiffs' claims against AFGE because it lacks jurisdiction.  As a result, the

1    outcome of AFGE's motion is not determinative as to the outcome of Mr. Donovan's motion.

2         iii.    Summary

3         As discussed, none of Plaintiffs' claims are properly pled but Plaintiffs may be able to

4    allege sufficient facts to state a Title VII claim.  *See* 5B Charles Alan Wright & Arthur R. Miller,

5    Federal Practice and Procedure § 1350 (3d ed. 2015) ("When the pleader's affidavits or other

6    evidence show… that the nonmoving party might be able to amend to allege jurisdiction, the

7    district court may… may dismiss [the FAC] with leave to amend within a prescribed period of

8    time.").  Since Plaintiffs' non-Title VII claims fail on jurisdictional grounds, allowing leave to

9    amend would be futile.  Thus, the Court GRANTS Mr. Donovan's motion with leave to amend as

10   to Plaintiffs' Title VII claims and without leave to amend as to Plaintiffs' non-Title VII claims.

11        As for the Plaintiffs that did not sign the opposition brief to Mr. Donovan's motion to

12   dismiss, the Court has received no indication that these individuals oppose his motion.  However,

13   based on the March 2014 letter sent to the EEOC, Opp. at 11-14, ECF 28, some of these

14   individuals may be able to allege sufficient facts for viable Title VII claim.  As a result, with

15   respect to the Plaintiffs who did not sign the opposition brief, the Court GRANTS as unopposed

16   Mr. Donovan's motion to dismiss but with leave to amend as to the Title VII claim.  With respect

17   to the non-Title VII claims, the Court has no indication that the Plaintiffs who did not sign the

18   opposition could cure the jurisdictional defect and oppose Mr. Donovan's motion on legally

19   meritorious grounds.  Thus, with respect to the Plaintiffs who did not sign the opposition brief, the

20   Court GRANTS as unopposed and without leave to amend Mr. Donovan's motion to dismiss the

21   non-Title VII claims.

22   **IV.   ORDER**

23        For the foregoing reasons, IT IS HEREBY ORDERED that with respect to all Plaintiffs:

24            1.  AFGE's motion to dismiss is GRANTED without leave to amend with respect

25               to all claims.

26            2.  Mr. Donovan's motion to dismiss is GRANTED without leave to amend as to

27               all claims against him.  Plaintiffs are given leave to substitute a proper

United States District Court
Northern District of California

16

defendant and amend their allegations with respect to their Title VII claim.

Plaintiffs are not given leave to amend to substitute a defendant with respect to their non-Title VII claim.

Any amended complaint must be filed **on or before May 16, 2016.** The Court reminds Plaintiffs that any pleading or filing must be signed by all Plaintiffs. *See* Fed. R. Civ. P. 11.

Plaintiffs may wish to contact the Federal Pro Se Program, a free program that offers limited legal services and advice to parties who are representing themselves. The Federal Pro Se Program has offices in two locations, listed below. Help is provided by appointment and on a drop-in basis. Parties may make appointments by calling the program's staff attorney, Mr. Kevin Knestrick, at 408-297-1480. Additional information regarding the Federal Pro Se Program is available at http://cand.uscourts.gov/helpcentersj.

| | |
|---|---|
| Federal Pro Se Program | Federal Pro Se Program |
| United States Courthouse | The Law Foundation of Silicon Valley |
| 280 South 1st Street | 152 North 3rd Street |
| 2nd Floor, Room 2070 | 3rd Floor |
| San Jose, CA 95113 | San Jose, CA 95112 |
| Monday to Thursday 1:00 pm – 4:00 pm | Monday to Thursday 9:00 am – 12:00 pm |
| Fridays by appointment only | Fridays by appointment only |

**IT IS SO ORDERED.**

Dated: April 15, 2016

BETH LABSON FREEMAN
United States District Judge