**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FACULTY MEMBERS AT MIDDLE EASTERN SCHOOLS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD DONOVAN, et al., <br><br> Defendants. | Case No.  15-cv-03974-BLF <br><br> **ORDER OF DISMISSAL** |

Thirty-four faculty members at the Defense Language Institute Foreign Language Center filed this *pro se* action on August 31, 2015, alleging discriminatory practices and favoritism with respect to promotions. Compl., ECF 1; First Am. Compl. ("FAC"), ECF 13. After the Court granted Defendants' motions to dismiss with partial leave to amend, Plaintiffs failed to amend their complaint by the deadline set by the Court. ECF 35. In light of Plaintiffs' failure to comply with that Court order, on September 12, 2016, the Court issued orders to show cause and a notice of imminent dismissal to Plaintiffs warning that failure to comply with Court orders would result in dismissal of this action with prejudice under Fed. R. Civ. P. 41(b). ECF 42, 43. The Court ordered all thirty-four Plaintiffs to file a response to the Order to Show Cause by November 17, 2016. ECF 43. To date, all but one Plaintiff have yet to respond. Accordingly, the Court hereby DISMISSES this action with prejudice under Fed. R. Civ. P. 41(b).

**I.  BACKGROUND**

In April 2013, Defendant Richard Donovan, head of the Faculty Personnel System at the Defense Language Institute, held a meeting with faculty members to discuss promotions to the position of Associate Professor for 2013-2014. FAC 4:9-12. According to Mr. Donovan, a faculty member needed to have two areas of specialization to be promoted to the position of

Associate Professor. FAC 4:20-21. At the April 2013 meeting, attendees allegedly asked Mr. Donovan whether serving as a Team Leader qualified as one area of specialization to which Mr. Donovan answered it did not. FAC 4:10-14. In a meeting held in 2011 about similar issues, Mr. Donovan also responded to a similar question with the same answer. FAC 4:17-19. In March 2014, promotions were announced and to the dissatisfaction of Plaintiffs, serving as Team Leader counted as an area of specialization. FAC 4:22-25. Moreover, Plaintiffs allege that less experienced teachers were promoted over more qualified teachers. FAC 4:25-28.

As a result, Plaintiffs filed complaints with the "EEO, OSP, [their] Union, and direct grievances to FPS." FAC 5:5. In April 2014, six of the Plaintiffs sought the help of Defendant American Federation of Government Employees, AFL-CIO, Local 1263 ("AFGE"). FAC 7:15-16. They met with Mr. Philip White, where they gave him a copy of their EEO petition and requested to speak with AFGE's attorney regarding the possibility of arbitration if they could not resolve their dispute with Mr. Donovan. FAC 7:17-20. According to Plaintiffs, Mr. White refused to help them and told them to use Google to find an attorney. FAC 7:20-24.

Meanwhile, in response to Plaintiffs' complaints, Mr. Donovan met with dissatisfied faculty members in May 2014 and July 2014. FAC 5:6-16. At the second meeting, AFGE President Reuf Borovac and Provost Dr. Betty Leaver were also present. *Id*. According to Plaintiffs, at these meetings, Mr. Donovan denied telling them that serving as a Team Leader would not count as one area of specialization. *Id*. Dr. Leaver also claimed she researched this issue and did not hear Mr. Donovan tell faculty members that serving as a Team Leader would not qualify as an area of specialization. FAC 5:23-26. After the May 2014 meeting, Plaintiffs wrote a petition, that was signed by eleven of them, to Assistant Commander Colonel Ginger L. Wallace over Mr. Donovan's alleged misrepresentation of facts at the May 2014 meeting. FAC 5:20-23.

In late May 2014, Plaintiffs met and communicated with Mr. Borovac several times. FAC 7:25-8:3. Plaintiffs agreed with Mr. Borovac that they would not seek to arbitrate their grievances until the appeal process was finished. FAC 8:4-5. In August 2014, Plaintiffs also met with AFGE's regional attorney who promised to look into the case but never did. FAC 8:5-10.

In November 2014, Plaintiffs' appeal process finished and disappointed by the results of

the appeal, Plaintiffs wanted to pursue arbitration led by AFGE. FAC 6:14-15; FAC 8:11-15. Mr. Borovac sought advice from Dr. Toth Ben, AFGE's national representative, who on January 20, 2015 suggested Plaintiffs attempt more negotiations with management. FAC 8:15-16. Plaintiffs informed Dr. Ben that management was no longer interested in negotiation and on January 26, 2015, Dr. Ben gave Mr. Borovac instructions on how to file a complaint with the Federal Labor Relations Authority ("FLRA"). FAC 8:17-18. Mr. Borovac delegated filing of the complaint to his Chief Steward, Mr. Mark Chitwood. FAC 8:18-21. According to Plaintiffs, Mr. Chitwood did not have the experience, knowledge, or training to file a FLRA complaint. *Id*.

On February 6, 2015, Mr. Borovac received a completed complaint that was ready for filing with the FLRA. FAC 8:22-23. Plaintiffs allege that they had an agreement with Mr. Borovac that he would have Mr. Chitwood file the complaint that same day in order to meet the statute of limitations. FAC 8:24-27. However, Plaintiffs claim that Mr. Chitwood apparently changed his mind and the complaint was never filed. FAC 9:1-7. Plaintiffs did not learn of Mr. Chitwood's inaction until more than a month later in March 2015. *Id*. On March 22, 2015, Plaintiffs filed a complaint with the FLRA but it was dismissed for being outside the statute of limitations. FAC 6:15-17. Plaintiffs appealed the FLRA decision and on July 31, 2015, Plaintiffs' appeal was denied. FAC 6:17-23. Plaintiffs have now filed the pending action alleging that their union failed to fulfill its duty and seeking a fair review of the facts. FAC 6:24-25; 9:27-28.

On April 15, 2016, the Court granted Defendants' motions to dismiss Plaintiffs' first amended complaint. ECF 35 ("Dismissal Order"). As detailed in the Dismissal Order, this Court lacks subject matter jurisdiction to hear Plaintiffs' complaint against AFGE. *Id.*; 5 U.S.C. § 7101, *et seq.* (Federal Service Labor Management Relations Statute ("FSLMRS")). The exclusive jurisdiction of Plaintiffs' claims is with the Federal Labor Relations Authority and to the extent Plaintiffs meet the statute's requirements, with the appropriate United States Court of Appeals. As to the other Defendant, Mr. Donovan, the Court granted his motion with leave to amend as to Plaintiffs' Title VII claims and without leave to amend as to Plaintiffs' non-Title VII claims. Plaintiffs' Title VII claims suffer several deficiencies, including improper defendant, insufficient allegations on whether administrative remedies were exhausted with respect to all Plaintiffs, and

omission of facts pertaining to each Plaintiff that are relevant to a Title VII claim. ECF 35. With respect to Plaintiff's non-Title VII claims, the Court lacks jurisdiction because, *inter alia*, claims relating to prohibited personnel practices under the Civil Service Reform Act are governed by the FSLMRS. *See* 5 U.S.C. §§ 7101 *et seq*. (Chapter 71 of the Civil Service Reform Act, also known as the FSLMRS, governs federal labor-management relations). The Court granted Plaintiffs leave to substitute a proper defendant and to amend their allegations with respect to their Title VII claims but not to other claims. ECF 35. The Court further ordered Plaintiffs to file any amended complaint by May 16, 2016.

Separately, the Court also noted in the Dismissal Order that only three Plaintiffs, Ahmed Nuri, Abdul Khogali, and Omar Mohamed Ali, signed the opposition brief. Opp. at 6, ECF 23. Without signatures of all Plaintiffs, the Court cannot ascribe arguments signed only by Messrs. Nuri, Khogali, and Ali to the remaining Plaintiffs. *See* ECF 11 (order striking complaint) (citing Fed. R. Civ. P. 11); ECF 24. Moreover, as non-attorneys Messrs. Nuri, Khogali, and Ali may not submit arguments on behalf of the other Plaintiffs.

On May 9, 2016, Plaintiffs appealed the Court's Dismissal Order. ECF 36. The Ninth Circuit later dismissed the appeal for lack of jurisdiction because the Dismissal Order granted Plaintiffs leave to amend, and thus was not appealable. ECF 38.

On August 17, 2016, Plaintiffs Abdul Khogali and Ahmed Nuri moved this court for entry of judgment. ECF 41. However, no other Plaintiffs have signed the motion for entry of judgment or taken any action since their appeal to the Ninth Circuit.

Because Plaintiffs had not filed an amended complaint by the ordered deadline, on September 12, 2016, the Court issued orders to each and every Plaintiff to show cause by November 17, 2016, why this case should not be dismissed for failure to prosecute. ECF 42, 43. To date, Plaintiffs have not filed and served an amended complaint and only one of the plaintiffs, Plaintiff Bozo Dzakula, responded to the Order to Show Cause, requesting the Court to dismiss him from this case. ECF 44.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) allows for involuntary dismissal of an action "[i]f

4

the plaintiff fails to prosecute or to comply with these rules or a court order." The Rule permits a court to dismiss an action sua sponte. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004).

Before imposing dismissal as a sanction, "the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).

### III. DISCUSSION

Plaintiffs have failed to comply with the Court's orders, including the Dismissal Order, which gave leave to amend, and the Order to Show Cause, which provided notice of imminent dismissal. These failures can serve as grounds for dismissal if the *Henderson* factors favor dismissal. *See Yourish*, 191 F.3d at 986.

Here, four of the five *Henderson* factors strongly favor dismissal. Dismissal serves the public's interest in expeditious resolution of litigation because Plaintiffs' failure to amend their complaint has stalled this case since this Court issued its Dismissal Order on April 15, 2016. Plaintiffs failed to file and serve an amended complaint within the allotted time, to seek an extension of time to amend, or to respond in any way to the Dismissal Order or the Order to Show Cause.

With respect to the second factor, Plaintiffs' conduct has interfered with the Court's need to manage its docket because Plaintiffs have repeatedly ignored the Court's orders by not filing an amended complaint within the time allotted, by not responding to the Order to Show Cause, and by not having all submissions signed by each and every Plaintiffs as required by Fed. R. Civ. P. 11. As to the third factor, failure to dismiss this action would prejudice Defendants, who are entitled to notice and resolution of Plaintiffs' claims. The fourth factor – the public policy

favoring disposition of cases on their merits – does not favor dismissal.

Finally, as to the fifth factor, the Court sees little point in imposing less severe sanctions because Plaintiffs have shown no interest in complying with this Court's orders.  The Court's Order to Show Cause expressly warned Plaintiffs of the potential for imminent dismissal under Rule 41(b) and Plaintiffs did not respond. ECF 42, 43. *Edwards*, 356 F.3d at 1065 (holding that the "failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal").

Alternative to amending their complaint, Plaintiffs could make an affirmative choice to allow the prior Rule 12(b)(6) dismissal to ripen into a final, appealable judgment. *Id.*  However, to exercise that right, Plaintiffs must give the Court notice of their intent not to file an amended complaint. *Id.*  Plaintiffs in this case did not notify this Court of their intention not to file an amended complaint.  Although Plaintiffs Abdul Khogali and Ahmed Nuri moved this court for entry of judgment, the motion was not signed by the other thirty-two Plaintiffs. ECF 41.  As stated repeatedly throughout this case, the Court cannot accept representations from non-attorneys Messrs. Khogali and Nuri on behalf of other Plaintiffs.  Accordingly, since Plaintiffs did not amend their complaint by the ordered deadline, did not respond to the Court's Order to Show Cause,[1] and failed to notify the Court of the intention not to amend the complaint from each and every Plaintiff, the Court hereby dismisses this case with prejudice pursuant to Fed. R. Civ. P. 41(b).

## IV. ORDER

The Court hereby DISMISSES all claims against Defendants WITH PREJUDICE.

Dated: November 22, 2016

_____
BETH LABSON FREEMAN
United States District Judge

---

[1] Only one plaintiff, Bozo Dzakula, requested this Court to dismiss him from this case, indicating that he does not intend to prosecute this case.